IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )     CRIMINAL ACTION NO.
    v.                      )        2:17cr97-MHT
                            )            (WO)
COREY DEWAYNE JONES         )
```

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the United States of America gave notice to defendant Corey Dewayne Jones in the indictment that it would seek the forfeiture of all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of 18 U.S.C. § 922(g)(1); and

WHEREAS, defendant Jones consents to the forfeiture of specific property,

Ii is ORDERED that the government's motion for a preliminary order of forfeiture (doc. no. 26) is granted as follows:

1. As a result of the guilty plea on Count 1 of the indictment, defendant Corey Dewayne Jones shall

forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) by 28 U.S.C. § 2461, any and all property constituting or derived from proceeds defendant Jones obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of 18 U.S.C. § 922(g)(1).

 2. The court has determined that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) by 28 U.S.C. § 2461(c); that defendant Jones has an interest in such property; and, that the United States has established the requisite nexus between such property and such offenses: a Smith & Wesson, model SW9VE, 9mm semi-automatic pistol, bearing serial number DWE1033; 10 rounds of 9mm Luger ammunition containing the head-stamp "WIN 9mm Luger"

and 12 rounds of 9mm Luger ammunition containing the head-stamp "R-P 9mm Luger."

3. Upon the entry of this order, the United States Attorney General is authorized to seize the above-listed property and conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

4. Upon entry of this order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent

practicable, provide written notice to any person known to have an alleged interest in the subject property.

6. Any person, other than defendant Jones, asserting a legal interest in the subject property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n)(6).

7. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property,

and any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C. § 2461(c), for the filing of third party petitions.

10. The court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS FURTHER ORDERED that the clerk of the court shall note entry of this order in writing on the judgment in a criminal case and forward a certified copy of this order to the United States Attorney's Office.

Done, this the 27th day of July, 2017.

　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**